T.C. Memo. 2017-187

UNITED STATES TAX COURT

BENJAMIN J. GIBSON, SR. AND DELORES B. GIBSON, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22121-15.                                   Filed September 25, 2017.

Benjamin J. Gibson, Sr., and Delores B. Gibson, pro sese.

<u>Jason P. Oppenheim</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

PUGH, <u>Judge</u>:  Respondent determined a $4,629 deficiency in petitioners'

Federal income tax for 2014.  The issue for decision is whether advance payments

of premium assistance tax credits were made on behalf of petitioners' dependent

son under section 36B, Refundable Credit for Coverage Under a Qualified Health

[*2] Plan.  Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended and in effect for the year in issue.

FINDINGS OF FACT

Petitioners resided in Georgia when they timely filed their petition.  During 2014 and 2015 their adult son Benjamin Gibson, Jr. (Junior), worked at ADT, LLC.  At some time during 2014 Junior used an address in Stockbridge, Georgia, (Stockbridge address) which was not petitioners' address.  He did not live with petitioners during this time.

Humana Employers Health Plan of Georgia, Inc. (Humana), provided a health insurance policy to Junior for 11 months in 2014.  Computer records maintained by the Health Insurance Marketplace, administered by the Department of Health and Human Services, show Junior's application for insurance through the Health Insurance Marketplace.  The record also includes a copy of the Humana policy covering Junior.  A total of $4,628.80 in premiums on the Humana policy was paid through the mechanism of advance payments of the premium assistance tax credit under section 36B.  Copies of invoices from September through December 2014 that Humana sent to Junior at his Stockbridge address each show a payment due of zero, a monthly premium owed of $420.80, and an offsetting "Advance Premium Tax Credit" of an equal amount.  On or about January 17,

[*3] 2015, a Form 1095-A, Health Insurance Marketplace Statement, showing the advance payments of the premium assistance tax credit made to Humana in 2014 was sent to Junior at his Stockbridge address. Junior enrolled in a Blue Cross Blue Shield medical insurance plan (Blue Cross) through his employer beginning January 1, 2015.

Petitioners claimed Junior as a dependent on their joint Form 1040, U.S. Individual Income Tax Return, for 2014.[1] They claimed a refund of $6,880, the excess of the tax withheld from their reported income over the tax reported due. They did not report the advance payments of the premium assistance tax credit on their return. At the time they filed their return they were not aware that Junior had obtained the Humana policy or that the advance payments had been made to Humana in 2014 for Junior's policy. Respondent determined that petitioners' tax should be increased to reflect the advance payments of the premium assistance tax credit to Humana on Junior's behalf during 2014, which resulted in a deficiency of tax that reduced petitioners' claimed refund.

---

[1] Respondent does not dispute the status of Junior as a dependent of petitioners.

[*4]                              OPINION

Section 36B establishes a premium assistance tax credit to subsidize the cost of health insurance purchased through a Health Insurance Marketplace by taxpayers meeting certain statutory requirements.  See sec. 36B; sec. 1.36B-2(a), Income Tax Regs.  That section was created by the Patient Protection and Affordable Care Act (ACA), Pub. L. No. 111-148, secs. 1401 and 10105(a), 124 Stat. at 213, 906 (2010), and the Health Care and Education Reconciliation Act of 2010, Pub. L. No. 111-152, sec. 1001(a)(1)(A) and (B), 124 Stat. at 1030, together commonly referred to as the Affordable Care Act.  See McGuire v. Commissioner, 149 T.C. __, __ (slip op. at 7) (Aug. 28, 2017).  The premium assistance tax credit is available to households with incomes between 100% and 400% of the Federal poverty line.  Sec. 36B(c)(1)(A).  Eligible taxpayers may claim the premium assistance tax credit for health insurance covering dependents, sec. 36B(b)(2)(A), and dependents may not claim the credit on their own returns, sec. 36B(c)(1)(D).  Advance payments of the premium assistance tax credit are made directly to an insurer during the taxable year.  42 U.S.C. sec. 18082.

Advance payments of the premium assistance tax credit made on behalf of a taxpayer or members of the taxpayer's household, including a dependent child, must be reported on the taxpayer's Form 1040.  If the advance payments exceed

[*5] the premium assistance tax credit to which the taxpayer is entitled ultimately, the excess increases the tax owed by the taxpayer and reduces any refund otherwise payable to the taxpayer.  Sec. 36B(f)(2); sec. 1.36B-4, Income Tax Regs.; sec. 1.36B-4T(a)(1)(ii)(A), Temporary Income Tax Regs., 79 Fed. Reg. 43628 (July 28, 2014) ("A taxpayer must reconcile all advance credit payments for coverage of any member of the taxpayer's family."); see McGuire v. Commissioner, 149 T.C. at __ (slip op. at 12).

Because petitioners were not entitled to any amount of premium assistance tax credit, the entire amount of the advance payments of the premium assistance tax credit on Junior's behalf to Humana by the Health Insurance Marketplace during 2014 increased petitioners' tax owed and reduced their claimed refund. Respondent determined a deficiency for 2014 on this basis.

Petitioners do not deny that their reported income level makes them ineligible for the premium assistance tax credit.  They dispute only whether Junior received insurance from Humana, and therefore they dispute whether any advance payments of the premium assistance tax credit were made to Humana on Junior's behalf.  Because they do not raise a point of law or any other factual dispute, we need not delve into the details of the premium assistance tax credit.

[*6]   Petitioners have denied throughout this case that Junior applied for or received insurance from Humana during 2014.  Junior was unable to testify at trial, but he signed an affidavit asserting that he had only employer-provided Blue Cross insurance and that he did not receive a Form 1095-A showing advance payments of the premium assistance tax credit on his behalf to Humana.  However, the reliable evidence establishes that Junior's recollection about his insurance coverage was mistaken.  The business records from Junior's employer, from Humana, and from the Health Insurance Marketplace establish that Junior's Blue Cross coverage did not commence until 2015, that he was covered by the Humana policy in 2014, and that Humana received advance payments of premium assistance tax credits to offset Junior's insurance premiums.  These supporting documents are sufficient to satisfy respondent's burden of production under section 6201(d) (requiring the Commissioner to produce information supporting an information return if the taxpayer asserts a reasonable dispute with respect to the information return and has cooperated with the Commissioner).[2]

We do not doubt petitioners' testimony that they believed that Junior did not have an insurance policy from Humana.  Junior did not reside with petitioners

---

[2]  Because we find that respondent satisfies this burden, we need not determine whether petitioners cooperated fully with respondent.

**[*7]** during this period, and we believe their testimony that they were unaware of the insurance coverage and any confirming information that was mailed to him. Because petitioners do not dispute that their reported income level makes them ineligible for the premium assistance tax credit, their tax must be increased, and their refund must be reduced, by the amounts prepaid to Humana on Junior's behalf during 2014.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.