T.C. Memo. 2019-14

UNITED STATES TAX COURT

DENINE KERNS AND BRYAN KERNS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11423-17.                    Filed March 4, 2019.

Denine Kerns and Bryan Kerns, pro sese.

<u>Emma S. Warner</u> and <u>Hans Famularo</u>, for respondent.

MEMORANDUM OPINION

LAUBER, <u>Judge</u>:  With respect to petitioners' Federal income tax for 2014,

the Internal Revenue Service (IRS or respondent) determined a deficiency of

$8,420.  The issue for decision is whether petitioners' tax liability was increased

by their receipt of excess advance premium tax credit (APTC) payments under

[*2] section 36B.[1]  Respondent has moved for summary judgment under Rule 121, contending that there are no disputed issues of material fact and that he is entitled to judgment as a matter of law.  We agree and accordingly will grant the motion.

Background

The following facts are drawn from the parties' motion papers, including the exhibits and declarations attached thereto.  See Rule 121(b).  Petitioners resided in California when they petitioned this Court.

Covered California is an American health benefit exchange (exchange) under the Patient Protection and Affordable Care Act (ACA), Pub. L. No. 111-148, sec. 1311, 124 Stat. at 173 (2010) (codified at 42 U.S.C. sec. 18031 (2012)).[2]  During 2014 petitioners enrolled through Covered California in two Blue Shield medical insurance plans.  Petitioners enrolled in the first plan from February 1 through May 22, 2014.  Finding the first plan unsatisfactory, they enrolled in a second plan

---

[1]Unless otherwise noted, all statutory references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.  We round all monetary amounts to the nearest dollar.

[2]ACA refers collectively to the Patient Protection and Affordable Care Act, Pub. L. No. 111-148, 124 Stat. 119 (2010), and the Health Care and Education Reconciliation Act of 2010, Pub. L. No. 111-152, 124 Stat. 1029.

**[*3]** on May 1, 2014, and remained enrolled in it through the end of 2014. Both plans required petitioners to pay monthly premiums.

At petitioners' election the U.S. Department of the Treasury (Treasury) offset part of their monthly premiums by making APTC payments to Blue Shield. See 42 U.S.C. sec. 18082 (2012). Treasury made these APTC payments on the basis of petitioners' projected household income and their expected eligibility for a tax credit under section 36B. The APTC payments, totaling $8,420 in 2014, reduced petitioners' monthly premium on each Blue Shield plan by at least $700.

On October 15, 2015, petitioners timely filed for 2014 a Form 1040, U.S. Individual Income Tax Return, on which they elected joint filing status. They reported adjusted gross income (AGI) of $97,061. They claimed personal exemptions for themselves and no exemptions for dependents. They did not attach to their return Form 8962, Premium Tax Credit. Nor did they reconcile their receipt of advance payments with their eligibility for the section 36B credit.

The IRS determined that petitioners were not eligible for any credit because their household income exceeded the maximum allowable under section 36B(b) and (c)(1)(A). On February 16, 2017, the IRS issued petitioners a timely notice of deficiency determining that they owed additional tax equal to the total APTC paid to Blue Shield on their behalf, i.e., $8,420.

**[\*4]** On May 17, 2017, petitioners timely mailed to this Court a petition for redetermination. They did not challenge their receipt of advance payments or their ineligibility for an APTC. They instead attacked the validity of their insurance contracts, contending that their insurer's purported malfeasance negated the benefit of the premiums paid by them and by Treasury on their behalf. On November 8, 2018, respondent filed a motion for summary judgment, to which petitioners have responded.

## Discussion

### A. Summary Judgment Standard

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). The Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party. Sundstrand Corp., 98 T.C. at 520. However, the nonmoving party may not rest upon mere allegations or denials of

**[\*5]** his pleadings, but instead must set forth specific facts showing that there is a genuine dispute for trial. Rule 121(d); see Sundstrand Corp., 98 T.C. at 520.

Petitioners allege State law claims against Blue Shield and/or Covered California for (among other things) false advertising, unfair business practices, and breach of duty. These allegations presumably give rise to disputes of fact. But for petitioners' case to survive a well-pleaded motion for summary judgment, they must show genuine disputes of <u>material fact</u>. None of the factual disputes they allege is material to determination of their 2014 Federal income tax liability. We accordingly conclude that the question before us may appropriately be adjudicated summarily.

B. <u>Analysis</u>

The ACA created section 36B, which provides a refundable credit for taxpayers who are insured by a qualified health plan and have household income of no more than 400% above the Federal poverty line (FPL). <u>See</u> sec. 36B(c)(1)(A); <u>McGuire v. Commissioner</u>, 149 T.C. 254, 259 (2017). The FPL is determined by guidelines in effect on the first day of the exchange's regular enrollment period for the relevant year. Sec. 36B(d)(3)(B); sec. 1.36B-1(h), Income Tax Regs. The first day of Covered California's regular enrollment period for 2014 was in October 2013. <u>See</u> 45 C.F.R. sec. 155.410(b) (2013). At that time the FPL for a two-

**[\*6]** person household in California was $15,510.  See 78 Fed. Reg. 5182, 5183 (Jan. 24, 2013).  Multiplying that figure by 400% yields an income limit of $62,040.

Under section 36B "household income" equals the sum of the taxpayer's modified adjusted gross income (MAGI) and the MAGI of certain other persons for whom the taxpayer is allowed dependency exemptions.  See sec. 36B(d)(2)(A).  MAGI equals AGI plus specified items of income (e.g., foreign-earned income) normally excluded from AGI.  Id. subpara. (B).  No specified items of income are involved here, so petitioners' MAGI equaled their AGI.

Treasury may, at the election of the taxpayer, reduce the taxpayer's current monthly premiums by remitting APTC payments to the issuer of the taxpayer's qualified health plan.  See 42 U.S.C. sec. 18082; McGuire v. Commissioner, 149 T.C. at 260.  After the close of the year, participating taxpayers must reconcile their receipt of the advance payments with their calculated eligibility for the credit.  Sec. 36B(f).  If advance payments exceed APTC eligibility, the taxpayer must report the difference as additional income tax.  Id. para. (2)(A).

Petitioners for 2014 reported AGI of $97,061.  Because petitioners' MAGI equaled their AGI and because they filed jointly and claimed no other personal exemptions, their household income equaled their AGI.  The excess of their house-

**[*7]** hold income over $62,040--400% of the FPL for a two-person household in California for 2014--was thus $35,021. Because petitioners' household income substantially exceeded the income limit for section 36B credit eligibility, they were ineligible for any APTC in 2014.

Where (as here) taxpayers are ineligible for an APTC, their tax liability is increased dollar-for-dollar by the APTC payments made on their behalf. See sec. 36B(f)(2)(A); McGuire, 149 T.C. at 261; Palafox v. Commissioner, T.C. Memo. 2018-124, at *8; Keel v. Commissioner, T.C. Memo. 2018-5, at *7-*8; Gibson v. Commissioner, T.C. Memo. 2017-187, at *7; sec. 1.36B-4(a)(4), Example (5), Income Tax Regs.; see also Perry v. Commissioner, T.C. Memo. 2018-90, at *2 n.2. Petitioners accordingly have a deficiency in income tax equal to $8,420, the total of the APTC payments remitted by Treasury to Blue Shield.

Petitioners do not dispute that Treasury made APTC payments on their behalf. Nor do they dispute the correctness of the computations set forth above. Instead they ask us to review various State law claims they assert against Blue Shield and/or Covered California.

Petitioners contend that their insurer's alleged malfeasance "nullifies" any tax liability arising from the APTC payments that Treasury made on their behalf. But section 36B(f)(2)(A) explicitly provides that, "[i]f the advance payments to a

**[*8]** taxpayer * * * exceed the credit allowed by this section * * * , the tax imposed by this chapter for the taxable year <u>shall be increased</u> by the amount of such excess." (Emphasis added.)  This statutory mandate does not admit of equitable exceptions, <u>see</u> <u>McGuire</u>, 149 T.C. at 262, and it cannot be nullified or offset by claims petitioners may have against other parties under State law.  If petitioners wish to pursue these State law claims, they are free to do so in another forum.

To reflect the foregoing,

<u>An order and decision will be</u>

<u>entered for respondent</u>.